# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**PGP INVESTMENTS, LLC**                                                              **Plaintiff**

**V.**                                                                  **No.  3:09-cv-042-MPM-DAS**

**REGIONS BANK and**
**REGIONS FINANCIAL CORPORATION**                                          **Defendants**

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order (the "Agreement"), by and through their respective undersigned counsel, hereby agree as follows:

1.	Documents produced by Defendants Regions Bank and Regions Financial Corporation ("Defendants") in the course of discovery in the above styled case (the "Action") relating to company policies or procedures shall be deemed "Confidential" and shall be used solely for the purpose of litigating this Action and any appeals therefrom, and shall not be disclosed or used for any business, commercial, competitive or other purpose.  "Confidential" documents shall not be revealed to or made available for inspection or copying by any person except under the terms of this Agreement.

2.	Designation of company policies or procedures as "Confidential" shall be made by stamping or otherwise placing the legend "CONFIDENTIAL" on the documents in a manner that will not interfere with its legibility.  If the Confidential documents cannot have the legend "CONFIDENTIAL" stamped or otherwise placed thereon, it will be designated "Confidential" in a manner to be agreed upon.

3. Such company policies and procedures designated as "Confidential" shall be used solely in connection with this Action and shall not be produced to, disclosed to, shown to, made available to, discussed with, or otherwise communicated in any way to any person except:

    a. Counsel for the parties and their support personnel whose functions require access to such documents;

    b. The members of Plaintiff PGP Investments, LLC ("Plaintiff");

    c. Outside vendors who perform microfiching, photocopying, computer classifications or similar clerical functions, but only for so long as necessary to perform those services;

    d. Court reporters and other persons engaged in preparing transcripts of testimony or this Action; and

    e. Independent, outside experts that are retained for hearings or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this Action and not a competitor of Defendants.

No documents designated as "Confidential" may be disclosed to persons identified in subparagraph (e) until they have reviewed this Agreement and agree to be bound by its terms in the form of **Exhibit 1** attached hereto.

4. Nothing in this Agreement shall constitute a waiver of Defendants' right to object to the production of company policies or procedures designated as "Confidential" or to demand more stringent restrictions upon the treatment and disclosure of any such "Confidential" documents on the grounds that they contain particularly sensitive information.

5. Nothing in this Agreement shall limit or affect the right of Defendants to disclose or to authorize disclosure of such "Confidential" documents produced by them.

6. Any party may apply to the Court for modification of this Agreement at any time.

7. This Agreement shall not restrict the right of Plaintiff to challenge a "Confidential" designation of any company policies or procedures by motion, by statement made on the record, or by stipulation of the parties. In the event of any such challenge, it is agreed by the Parties that Defendants shall bear the burden of demonstrating the appropriateness of a "Confidential" designation.

8. Neither the termination of this Action nor the termination of employment of any person who had access to any "Confidential" documents shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any documents disclosed pursuant to this Agreement.

9. This Agreement shall not be construed as a waiver by any party of any objection that may be raised as to the admissibility of any evidentiary material.

10. This Agreement shall not limit or prejudice the rights of any party to oppose disclosure of any information for lack of relevance or for any other ground.

11. Following the final resolution of this Action and all appeals therefrom, all "Confidential" documents, including all copies, shall be destroyed or returned to Defendants within ninety (90) days after the receipt by Plaintiff of a written demand from Defendants for such return. Notice of intent to destroy "Confidential" documents shall be given in writing to Defendants, and receipt of returned "Confidential" documents shall be acknowledged in writing by Defendants. Plaintiff shall have no obligations to destroy or return all "Confidential" documents unless or until such a written demand is made by Defendants.

12. The provisions of this Agreement restricting the communication and use of "Confidential" documents produced hereunder shall continue to be binding on all parties hereto and their attorneys following the final resolution of this Action and all appeals therefrom.

13. Each counsel signing below represent that they have the authority to enter into this Agreement on behalf of their respective clients.

IT IS SO ORDERED, this 10TH day of June, 2010.

/s /David A. Sanders
UNITED STATES MAGISTRATE JUDGE

# AGREEMENT TO ABIDE FULLY BY TERMS OF STIPULATED PROTECTIVE ORDER

I, _____, affirm as follows:

1. I have read the attached Stipulated Protective Order (the "Agreement") entered into by and between Plaintiff PGP Investments, LLC and Defendants Regions Bank and Regions Financial Corporation in the action styled *PGP Investments, LLC v. Regions Bank and Regions Financial Corporation*, No. 3:09-cv-042-MPM-DAS, pending before the U.S. District Court for the Northern District of Mississippi.

2. I agree to be bound by the Agreement's terms with respect to any documents, material, or information marked "Confidential" that are furnished to me as set forth in the Agreement.

3. I also agree not to disclose to anyone any documents, material, or information marked "Confidential" other than as set forth in the Agreement.

4. I hereby agree that any documents marked "Confidential" furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2010.

_____
Signature

_____
Print Name

_____
Print Address

_____
City, State, Zip Code

**EXHIBIT 1**