# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**PGP INVESTMENTS, LLC**                                                                 **PLAINTIFF**

**V.**                                                                        **CASE NO. 3:09CV42**

**REGIONS BANK and**
**REGIONS FINANCIAL CORPORATION**                                                **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the court on the motion **[53]** of Defendants Regions Bank and Regions Financial Corporation seeking summary judgment.

PGP Investments is a Mississippi limited liability company comprised of Dr. Hayden Perkins, a pediatric dentist, Dr. Todd Gililland, an orthodontist, and Dr. Michael Perry, a periodontist. PGP planned to invest in a piece of property in Oxford, MS and develop an office park. Principals of PGP met with Taylor Boone of Regions in order to receive a financing quote. At all times PGP sought an interest rate that would be fixed for fifteen years. Two PGP members, Drs. Perry and Perkins, met with Boone where he allegedly presented them with a written offer of a rate of 4.85% fixed for fifteen years. This alleged offer was available to the PGP principals for purchasing fifty basis points and transferring personal accounts to Regions, which they did. PGP then declined offers from other lenders and proceeded with the office project. PGP signed a loan agreement with Regions in the amount of $560,000 and obtained a line of credit. PGP later discovered that Regions would not be able to provide financing at the previously discussed rate. A writing of the alleged offer no longer exists.

PGP filed suit against Defendants alleging a breach of a loan agreement, bad faith and

tortitous breach of contract, breach of duties of good faith and fair dealing, breach of fiduciary duties, fraudulent misrepresentation, negligent misrepresentation, and negligence.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S. Ct. at 2110.

PGP first alleges a claim of a breach of contract for Regions' failure to execute the alleged loan agreement. To prevail on this claim, Plaintiff must establish (1) the existence of a valid and binding contract; (2) that the defendant has broken, or breached it; and (3) that the plaintiff has been thereby damaged monetarily. *Favre Prop. Mgmt., LLC v. Cinque Bambini*, 863 So. 2d 1037, 1044 (Miss. Ct. App. 2004). The dispute in this case centers around the first prong, in that Defendants claim no valid and binding contract was ever formed.

First, Regions argues that the Statute of Frauds precludes PGP from prevailing on this claim. Mississippi law provides that an "agreement which is not to be performed within the space of fifteen months . . . shall be in writing, and signed by the party to be charged . . . ." Miss.

2

Code Ann. § 15-3-1 (1999). Regions argues that the contract was never delivered, however, the jury may certainly consider actual physical delivery when determining whether the parties mutually executed and accepted terms.

Regions also contends that PGP's claim fails because the material terms are not sufficiently definite to render the contract enforceable. A contract is sufficiently definite "if it contains matters which will enable the court under proper rules of construction to ascertain its terms." *Leach v. Tingle*, 586 So. 2d 799, 802 (Miss. 1991) (citing *Duke v. Whatley*, 580 So. 2d 1267, 1272-74 (Miss. 1991)). PGP maintains that there was a specific interest rate, cited down to the hundredth decimal place, for a term of fifteen years. Price is an essential term that must be stated with specificity. *Id*. at 803. Both PGP principals and Boone consistently state that the pride range of the project was between $1,860,000 to $ 2.2 million. This is sufficiently definite for an offer, as the total amount of costs would be finalized at the completion of construction.

PGP argues that even if no contract physically exists, promissory and equitable estoppel should nonetheless warrant an enforceable contract in this case. "An estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetuation of fraud or would result in other injustice." *C.E. Frazier Constr. Co. v. Campbell Roofing & Metal Works*, 373 So. 2d 1036, 1038 (Miss. 1979). "The law of Mississippi does not regard estoppels with favor . . . ." *Walley v. Steeples*, 297 F.Supp.2d 884, 888 (N.D. Miss. 1996) (citing *PMZ Oil Co. v. Lucroy*, 449 So. 2d 201, 206 (Miss. 1984). Promissory estoppel requires (1) a promise; (2) that induces action of a definite or substantial character on the part of the promisee; and (3) that the promisor reasonably should have expected

3

the promisee's action. *Solomon v. Walgreens, Co.*, 975 F.2d 1086, 1091 (5th Cir. 1992). Regions argues that PGP cannot prove an offer was made to them. However, Drs. Perkins and Perry, principal members of PGP, will testify that Boone made a promise with specific financing terms and that they recall seeing the written offer. PGP could prevail if a jury believes the testimony of its principal members. A fair-minded jury could also find it reasonable for PGP to expect a vice-president of Regions to follow through with his promise, and that he had the authority to do so.

Further, to prevail on equitable estoppel, PGP must show (1) that it has changed its position in reliance upon the conduct of another; and (2) that it has suffered detriment caused by this change in position in reliance upon that conduct. *Id*. Equitable estoppel "should only be used in exceptional circumstances and must be based on public policy, fair dealing, good faith, and reasonableness." *Eagle Mgmt., LLC v. Parks*, 938 So. 2d 899, 904 (¶ 12) (Miss. Ct. App. 2006) (citing *Powell v. Campbell*, 912 So. 2d 978, 982 (¶ 12) (Miss. 2005). Certainly, turning down other financial offers to fund the project, purchasing basis points, transferring personal funds to Regions, obtaining a $560,000 loan and a line of credit from Regions signifies that PGP did change its position in reliance on the fact that its members believed Regions to be able to finance at a better rate. It is undisputed Regions did not provide this rate, and PGP maintains it would have used a different lender but for the offer in question. Defendant's motion will be denied on Plaintiff's breach of contract claim.

PGP next alleges that Defendants exhibited bad faith and tortiously breached the loan agreement. "Tortious breach of contract requires, in addition to a breach of contract, some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort."

4

*Braidfoot v. William Carey College*, 793 So. 2d 642, 655 (¶ 45) (Miss. Ct. App. 2000) (citing *Southern Natural Gas Co. v. Fritz*, 523 So. 2d 12, 19-20 (Miss. 1987)). Plaintiff has not pled any particular facts that would demonstrate extreme conduct as to establish an intentional tort. PGP's mere allegation that Regions' actions constituted a tortious breach does not satisfy this claim, even accepting the facts as true. *Holland v. Peoples Bank & Trust Co.*, 3 So. 3d 94, 100 (Miss. 2008). This portion of Defendants' motion will be granted.

PGP further contends Regions breached the duties of good faith and fair dealing. To prevail, PGP must prove the existence of a fiduciary relationship by clear and convincing evidence. *Smith v. Franklin Custodian Funds, Inc.*, 725 So. 2d 144, 150 (Miss. 1998). To do this, PGP must establish the following: (1) the activities of the parties go beyond their operating on their own behalf, and the activities for the benefit of both; (2) where the parties have a common interest and profit from the activities of the other; (3) where the parties repose trust in one another; and (4) where one party has dominion or control over the other. *Hopewell Enters., Inc. v. Trustmark Nat'l Bank*, 680 So. 2d 812, 816-17 (citing *Carter Equip. Co. v. John Deere Indus. & Equip. Co.*, 681 F.2d 386 (5th Cir. 1982)).

PGP argues Regions owed it a fiduciary duty because the bank sought out deposits of PGP's principal members and the members held substantial deposits at Regions. However, the general rule is that debtors and creditors are not in a fiduciary relationship. *Burgess v. Bankplus*, 830 So. 2d 1223, 1228 (Miss. 2002) (citing *Hopewell Enters., Inc.*, 680 So. 2d at 816). In viewing the evidence in light most favorable to PGP, it does appear that Regions' vice-president Taylor Boone had a preexisting relationship with Dr. Gilliland. However, these prior dealings were also financial in nature and thus even this fact does not establish a duty between Boone and

5

PGP. This portion of Defendants' motion is granted.

Count five of Plaintiff's complaint is a claim of fraudulent misrepresentation. To establish this claim, PGP must prove the following elements by clear and convincing evidence:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Bank of Shaw v. Posey*, 573 So. 2d 1355, 1362 (Miss. 1990). Regions argues that PGP should have reasonably known that Taylor Boone lacked authority to lend a large sum of money and that any proposal would be subject to approval by the bank's underwriting department. This court disagrees. A jury could determine that Boone had apparent authority and that PGP was reasonable in its belief that a vice-president of a bank had authority to commit to the amounts he had been presenting to PGP, even if Boone did lack actual authority to execute loans. However, Plaintiff's claim fails on fraud. PGP cannot establish by clear and convincing evidence that Boone intentionally provided false information.

Further, Boone's representation was apparently to loan PGP between $1,800,000 and $2.2 million in the future at a particular financing rate. The future loan at this rate was also contingent on the PGP principals transferring personal accounts and purchasing basis points. "In cases of fraud, relief cannot be based on future promises, 'except on some cases when a contractual promise is made with the present undisclosed intention of not performing it.'" *Id*. at 1360. PGP cannot establish Boone had the mental state at the time of his representation to deceive PGP based on the pled facts. Rather, PGP believes that Regions could not provide the financing later due to a change in the market. This portion of Defendants' motion is granted.

6

Plaintiff's next claim is for negligent misrepresentation. Plaintiff must prove the following by a preponderance of the evidence:

> (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons; (4) that they reasonably relied upon the speaker's misrepresentation or omission; (5) that they suffered damages as a direct and proximate result of such reasonable reliance.

*Id*. at 1362. Drs. Perkins and Perry will testify that a representation was made by a Regions representative that a certain rate could be obtained when apparently it could not.

A fair-minded jury could conclude that PGP was reasonable in its reliance on the offer from a vice-president of Regions, as discussed above. Further, it is possible that Boone did not exercise diligence in obtaining approval from the underwriting department before allegedly making a guaranteed offer or failing to communicate with PGP that the offer was subject to approval. However, as with PGP's fraudulent misrepresentation claim, the promise was to provide financing to PGP in the future and was contingent on certain events occurring. A "promise of future conduct is, as a matter of law, not such a representation as will support recovery under a theory of negligent misrepresentation." *Id*. at 1360. This portion of Defendants' motion will be granted.

Lastly, PGP pleads a claim of negligence. To prevail, Plaintiff must prove that Defendants had a duty to execute the contract, that Defendants breached that duty and this breach proximately caused damages to PGP. PGP's claims of breach of contract and negligence both arise from the same set of operative facts and allege the same damage. It is permissible to bring suit under both causes of action, however, double recovery for the same harm is not permissible.

7

*City of Jackson v. Estate of Stewart ex rel Womack*, 908 So. 2d 703, 711 (¶¶ 40-41) (Miss. 2005).

Defendants' motion is denied as to this claim.

Defendants' motion **[53]** is **GRANTED IN PART and DENIED IN PART.**

This the 1st day of February, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**