# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**PGP INVESTMENTS, LLC**                                                                **PLAINTIFF**

**V.**                                                                **CIVIL ACTION NO.: 3:09CV42-MPM**

**REGIONS BANK AND**
**REGIONS FINANCIAL CORPORATION**                                        **DEFENDANTS**


## MEMORANDUM OPINION AND ORDER PARTIALLY GRANTING DEFENDANT'S OBJECTIONS TO THE TAXING OF COSTS

This matter is before the Court upon the objections of Regions Bank and Regions Financial Corporation ("Regions") to the $6,210.30 in costs taxed against it by the Clerk of this Court on March 3, 2011. PGP Investments, LLC ("PGP"), comprised of three Oxford, Mississippi, dentists, brought suit against Regions alleging economic damages after Regions failed to provide PGP financing pursuant to previously agreed upon terms. Following a jury verdict in favor of PGP, the Clerk of Court entered judgment against Regions. After PGP filed a timely *Bill of Costs* and no objections to it were filed within fourteen days, the Clerk of Court taxed costs against Regions in the full amount claimed by PGP. Regions subsequently objected to the taxing of costs, and the parties have since filed a response and reply thereto. After due consideration, the Court sustains Regions objections, in part, and reduces PGP's award by $2,547.60 for the reasons that follow.

Federal Rule of Civil Procedure 54(d) provides that costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs. As the prevailing party in this action, PGP is entitled to costs. Regions does not object to the taxing of the $350.00 paid as a filing fee in this action, and the Court notes that PGP is entitled to recover

its fees paid to the Clerk of Court. *See* 28 U.S.C. §1920(1). The Court considers Regions'

objections to specific items of costs in light of the statutory allowances provided in 28 U.S.C.

§1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Fees for transcripts

The prevailing party's cost of obtaining transcripts "necessarily obtained for use in the

case" is allowed by §1920. PGP was awarded $5,809.30 in transcript fees, and Regions has

objected to all but $1,624.75 of these costs.

A. Depositions

PGP is entitled to recover the costs associated with the taking of depositions that "were

necessarily obtained for use in the case." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170

F.3d 518, 536 (5th Cir. 1999). The Fifth Circuit defined what constitutes "necessarily obtained"

costs in *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991):

> [A] deposition need not be introduced at trial to be "necessarily obtained for use
> in the case." If, at the time it was taken, a deposition could reasonably be
> expected to be used for trial preparation, rather than merely for discovery, it may
> be included in the costs of the prevailing party. . . . Whether a deposition . . . was
> necessarily obtained for use in the case is a factual determination to be made by
> the district court.

Each of the depositions claimed as costs by PGP were either used to successfully defeat Regions'

motion for summary judgment, or they were the depositions of "may call" witnesses listed on the

pretrial order. Regions' objections to the costs of depositions claimed by PGP is overruled.

B. Daily Transcript Fees

PGP recovered $2,496.60 for costs associated with ordering daily trial transcripts. PGP

claims these were necessary to cross-examine Regions' corporate representative and to

demonstrate the inaccuracy of opposing counsel's opening statement. The cost of a daily trial

transcript is recoverable only if it is necessary for use in the case and not merely for the convenience of counsel. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5ᵗʰ Cir. 1994). Despite the fact that counsel may have used the transcripts in preparation for closing or cross-examination, the Court finds that they were a convenience to counsel and not necessary to the success of PGP's case. Therefore, the objection to this item of cost is sustained, and PGP's recovery is accordingly reduced.

Fees for Summons

PGP seeks recovery of $51.00 in fees incurred for service of summonses in this case. The cost of private process server fees are not contemplated by §1920 and are not recoverable absent exceptional circumstances. *See Cypress-Fairbanks Independent School District v. Michael*, 118 F.3d 245, 257 (5ᵗʰ Cir. 1997). Because PGP has demonstrated no exceptional circumstances warranting the award of this fee, it is disallowed. Regions' objection is sustained, and PGP's recovery is reduced by $51.00.

Accordingly, it is hereby **ORDERED** that PGP's taxable costs be reduced by $2,547.60 and that PGP recover from Regions $3,662.70 in costs for the expenses incurred in this litigation.

**SO ORDERED**, this the 17th day of March, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**